# Cases

# THIRD DEPARTMENT

AT

# GENERAL TERM,

## February, 1890.

---

## DAVID FORSYTH, Respondent, v. JAMES McKINNEY AND EDWARD N. McKINNEY, Appellants.

*Master and servant — violation of the rules of the shop by the servant — if intentional, the jury is not to decide whether the violation was sufficient to justify the servant's discharge — insolent conduct on the part of the servant.*

In an action to recover damages for the alleged illegal discharge of the plaintiff from the defendants' employ, the defendants requested the court to charge: "If the plaintiff violated the rules of the shop of McKinney & Son, McKinney had the right to discharge him from his employment." The court qualified this by saying, "If the violation was of that character as to amount to a sufficient justification."

It appeared that certain rules were adopted in the shop of McKinney & Son; that there was a card, "No Smoking Allowed," posted therein; that the plaintiff did smoke and violated the rule in working hours; that when remonstrated with by the foreman he went out of the shop and finished his cigar.

*Held,* that it was the right of the employer to establish rules, and that if they were broken by an employee he could not compel his employer to perform his part of the contract of employment.

That the qualification which the court added to the request to charge, left it to the jury to say whether the violation of the rule was sufficient to justify the defendants in discharging the plaintiff; that while an unintentional or accidental violation of the rule might not be held to be within its fair meaning, yet where it appeared that the employee must have known that he was violating the rule, the employers were entitled to have the jury charged by the court as they had requested.

HUN — VOL. LVI　　1

The defendants also requested the court to charge that if the plaintiff acted insolently to the foreman while engaged in his employment, the defendants had a right to discharge him. The court left it to the jury to say whether the insolence was sufficient.

*Held*, that it is never the duty of an employer to retain an employee who acts insolently to one who represents the employer; that insolent conduct towards an employer, or towards one who represents him, is a breach of the duty owing by the employee; certainly where no provocation has been given therefor.

That the court erred in qualifying, as it did, the requests to charge made by the defendants.

APPEAL by the defendants from a judgment, entered in the office of the clerk of the county of Albany on the 19th day of January, 1889, in favor of the plaintiff, after a trial at the Albany Circuit before the court and a jury, at which a verdict was rendered in favor of the plaintiff for $364.26; and also from an order denying defendants' motion for a new trial, entered in said clerk's office on January 21, 1889.

*Marcus T. Hun*, for the appellant.

*T. J. Van Alstyne*, for the respondent.

LEARNED, P. J. :

This action is brought to recover damages for breach of an alleged contract between the parties. The plaintiff claims that by that contract he agreed to work for defendants for one year from the 19th day of September, 1885, at the rate of two dollars and seventy-five cents per day ; that under this contract he proceeded to work till the thirtieth day of October in that year, when he was wrongfully discharged by defendants.

The claim of the plaintiff to establish this contract is, that about September 19, 1881, he contracted with defendants (or with one of them then carrying on the business) to work for them for one year at that price ; that after that year was ended he continued to work with said defendants (or that one of them) until the time of his discharge. He claims, therefore, that his continuing to work for them after the end of each year formed a new contract to continue also for a year.

The learned justice who tried the case, as we understand, took this view of the law, and we cannot see that the defendants excepted to it

in any way. While, therefore, we are not prepared to hold that view correct, we feel precluded from examining it, inasmuch as it seems to have been accepted on the trial as correct by the defendants, although they argue against it in their points.

The defendants further claim that the original contract was made solely with James McKinney, and that Edward N. McKinney was not then a partner, but became such subsequently. No point, however, seems to have been made as to this on the trial. It would be a fair presumption for the jury to infer that when Edward N. McKinney became a member of the firm he accepted all existing contracts.

The remaining question relates to the plaintiff's discharge. The defendants claim that he was discharged for improper conduct and disobedience to the rules of the shop.

It was claimed by defendants that plaintiff disobeyed the rules of the shop, and, also, that he was insolent to the foreman. The defendant asked the court to charge : "If the plaintiff violated the rules of the shop of McKinney & Son, McKinney had the right to discharge him from his employment." The court qualified this by saying, "If the violation was of that character as to amount to a sufficient justification."

Now, in understanding this request of defendants, we must notice . that the plaintiff had testified that there were certain rules adopted in the shop ; that there was a card — "No smoking allowed ; " that he did smoke and violated the rule in working hours; that when remonstrated with by the foreman he went out of the shop and finished his cigar.

It is the right of the employer to establish rules. If a workman on seeing these rules is dissatisfied with them, he need not accept the employment. If he accepts it, however, he must obey the rules. If he disobeys the rules, he breaks his part of the contract, because it is a part of his contract to obey them. The plaintiff in this case is not suing to recover for work which he has performed. He is suing for a breach of the alleged contract to employ him for a year. He must then show that he has performed his part of the contract. If he has broken his side, he cannot compel the defendants to keep theirs, or recover damages if they do not continue to observe a contract which he has broken. The qualification which the learned justice added left it to the jury to say whether the violation was

sufficient to justify the defendants. Perhaps an unintentional or accidental violation of a rule might be held not to be within the fair meaning of the rule itself. But no such question was in the case. The plaintiff must have known he was violating the rule. He did not even lay aside his cigar when the foreman spoke to him. But he went out of the shop in working hours to finish his cigar; thus, evidently, adding another fault to that which he had committed. We think the defendants were entitled to the charge they asked.

They also requested the court to charge that if the plaintiff acted insolently to the foreman while engaged in his employment defendants had a right to discharge him. The learned justice left it to the jury to say whether the insolence was sufficient. Perhaps, on the testimony, it might have been a question whether or not plaintiff did act insolently; although we should think there could be little doubt of that. But if he did act insolently he broke another part of his contract, a part as binding as if it had been expressed. It certainly can never be the duty of an employer to retain an employee who acts insolently to one who represents the employer. We do not mean by this that the foreman himself has any right to act insolently to an employee. Nothing of that kind occurred in this case. But we do mean that insolent conduct towards an employer or towards one who represents him is a breach of the duty which the employee owes — at least where the employer or he who represents him has given no provocation. Where provocation has been given, then, probably, the circumstances should be left to the jury to say whether the provocation justified or excused the insolence. And the employee cannot justly complain if for that reason the employer puts an end on his part to the employment.

The court, we think, by these qualifications to the defendants' request, left it to the jury to say how much the plaintiff might break the contract on his part and yet hold the defendants to its performance. This, we think, was incorrect; since the party who breaks a contract himself cannot, as a general rule, have damages against the other party for a subsequent failure to perform, based on such breach.

The judgment and order should be reversed and a new trial granted; costs to abide the event.

FISH, J. :

While concurring in the opinion of Justice LEARNED and in the result he arrives at, it seems fit to add that the evidence is sufficiently clear, that the plaintiff violated a substantial regulation of the defendants' shop, and that he was insolent and offensive towards Myers, the defendants' foreman, to justify his discharge by defendants, and so that it might well be held, as matter of law, that the recovery was wrong, a direction to the jury to find a verdict for defendants would have been proper.

LANDON, J, :

The refusal to charge, as requested, implied that the master ought to bear with some insolence from his servant.    This will not do, unless the master has given his servant provocation.    If he has, then I think the circumstances may be left to the jury to determine whether the provocation justified or excused the servant    With this qualification, or rather addition to the above opinion, I concur in it.

Judgment reversed, new trial granted, costs to abide event.