(39 Misc. Rep. 314.)

### HONIGSTEIN v. HOLLINGSWORTH et al.

(Supreme Court, Appellate Term. November, 1902.)

1. MASTER AND SERVANT—WRONGFUL DISCHARGE—QUESTION FOR COURT.

 Where an employé sues for wrongful discharge, and the defendant alleges disobedience of orders as the cause thereof, it is a question for the court whether it was reasonable for the employer to forbid smoking in a part of the employer's factory where inflammable substances were in constant use.

Appeal from city court of New York, general term.

Action by Morris Honigstein against William S. Hollingsworth and others. From a judgment of the general term of the city court affirming a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and BLANCHARD and MacLEAN, JJ.

Blandy, Mooney & Shipman (Edmund L. Mooney and Frederick A. Card, of counsel), for appellants.

J. Rieger (Joseph Gans, of counsel), for respondent.

BLANCHARD, J. This is an appeal from an order and judgment of the general term of the city court of the city of New York, affirming a judgment in favor of the plaintiff. The plaintiff sues to recover damages for an alleged wrongful discharge from the employment of defendants. The defendants set up as a defense plaintiff's disobedience to orders. In connection with this, the trial justice charged the jury as follows:

"These defendants had a right to make reasonable rules and regulations for the government of their factory, and, if one of those rules was that cigars or cigarettes should not be lit in this place, it will be for you to say if that was a reasonable regulation, in view of what was being manufactured there, of whether there was a breach of contract,—not a breach once, because, if such a thing did occur, and attention was called to it, and obedience afterward rendered, it would cure the breach; but, if the plaintiff persisted in so doing repeatedly, after being admonished that smoking cigars or cigarettes was not allowed inside this room, it will be for you to say whether that of itself justified his discharge, and in connection therewith you may consider all these other matters, in forming your opinion as to defendants' being justified in the discharge of the plaintiff."

To this part of the charge defendants excepted, and requested the justice to charge:

"That, under the circumstances as proven in the case, the rule established against smoking was in itself a reasonable one."

He refused so to charge, and said:

"I hardly think it is for the court to say what was or what was not reasonable. The jury have heard the testimony of the witnesses to the effect that inflammable substances, alcohol and things of that kind, were constantly being used in defendants' place; and it will be for the jury to say whether, in

the light of these circumstances, the prohibition as to smoking was reasonable or not. The court will not pass upon that question arbitrarily."

To the refusal to so charge defendants duly excepted. Defendants' exception to the charge and their request to charge presented clearly to the court the question whether, as matter of law, under the facts proven and undisputed, the rule against smoking was reasonable, so that, if disobeyed, it warranted plaintiff's discharge. We have reached the conclusion that these exceptions present error calling for a reversal of the judgment. It was the duty of the court to say whether the directions of the employers were proper and reasonable. The jury should not have been permitted to pass upon the question. There can be no question concerning the fact that the defendants had a right to forbid the plaintiff, their employé, from smoking when about the inflammable materials contained in the defendants' place of business. This was a question of law, upon which the court should have instructed the jury, and its failure so to do calls for a reversal of the judgment. Jerome v. Cycle Co., 163 N. Y. 351, 356, 57 N. E. 485; Gray v. Shepard, 147 N. Y. 177, 182, 41 N. E. 500; Forsyth v. McKinney, 56 Hun, 1, 8 N. Y. Supp. 561. The judgment should be reversed, and a new trial ordered, with costs to the appellants, to abide the event.

Judgment reversed, and new trial ordered, with costs to appellants, to abide event. All concur.