# BOARD OF EDUCATION OF CITY OF LAWTON v. GOSSETT.

No. 6139.    Opinion Filed February 29, 1916.

(155 Pac. 856.)

1.    **MASTER AND SERVANT—Discharge of Employee—Grounds— Disrespectful Conduct.** The employee owes to the employer respectful and decorous treatment; and unprovoked insolence and disrespect for him or his representative will justify his discharge.

2.    **SAME.** Any misconduct on the part of the employee inconsistent with the relation of master and servant will justify the employer in terminating the contract of service at any time.

(Syllabus by Robberts, C.)

*Error from County Court, Comanche County;*
*John F. Thomas, Special Judge.*

Action by Henry A. Gossett against the Board of Education of the City of Lawton. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

*McElhoes, Ferris & Rhinefort,* for plaintiff in error.

*W. C. Henderson,* for defendant in error.

Opinion by ROBBERTS, C. The parties will be designated plaintiff and defendant the same as below. In the month of May, 1911, the defendant, school board of the city of Lawton, employed plaintiff, Henry A. Gossett, to serve as janitor for what is known as the Emerson school building in said city, for the school year of 1911 and 1912, at a salary of $50 a month. He commenced service as janitor on the 28th day of August, 1911, and continued until the 15th day of November, 1911, at which time he was discharged from such service by the board. He received payment up to the time of his discharge, but the

board refused payment thereafter. In January, 1912, he filed a claim for $73 for services as such janitor, and on the 5th day of February he filed an additional claim for $40, making a total of $113 for service from the date of his discharge up to the date the last claim was filed. Both claims were disallowed, and payment thereby refused by the board. It is not claimed that plaintiff performed any service after his discharge on November 15, 1911.

This action was commenced by plaintiff before a justice of the peace of Comanche county to recover the amount of the claims, and on trial judgment was rendered for the plaintiff for the full amount claimed. The board appealed to the county court, where the case was tried to a jury. The defendant filed no answer, but we gather from the record, including the statement of counsel, that the board admits the employment, in substance, as stated above, and also admits the discharge of plaintiff November 6, 1911, to take effect November 15, 1911, and the board refused to allow or pay plaintiff under the contract of employment after November 15th. On the trial plaintiff proved his contract of employment and his discharge, which he claimed was wrongful and without authority of law, and therefore ineffective. There was also some evidence tending to show that plaintiff was unable to obtain other employment. The defendant made no claim that the plaintiff's work as janitor was unsatisfactory, but defended its action in discharging on the ground that he was guilty of insubordination and misconduct toward members of the school board inconsistent with the relation of master and servant. The controversy between the board and janitor seems to have arisen over the consideration on the part of the board of plans to make certain improvements on the school building. We gather from

the record, and also from the statement of counsel for plaintiff, that it was claimed by patrons of the school that the building was in bad condition and unsafe, and upon these complaints the board began to remedy the defects, to which the janitor strenuously objected, setting up his own opinion against that of the board and complaining patrons, which he undoubtedly had a right to do in a respectful and proper way, but in so doing, on several occasions, in public and private, he accused different members of the board with grafting, bribery, and dishonesty in connection with the contract, and on various occasions the plaintiff appeared before the board meetings and remonstrated with the board as to its duties, which were in no way connected with the janitor work, and threatened to interfere with the work of the board by injunction or any other lawful way by which he could prevent it from carrying out its policy with reference to repairing the school building.

In line with that defense, on the ground of insubordination, and that the conduct of plaintiff toward members of the board was inconsistent with proper relations of master and servant, the defendant at the trial offered proof, which was excluded by the court, and exceptions saved. Thereupon counsel for defendant caused the following record to be made:

"Defendant here tenders and offers to prove by this witness that at a time about a week or ten days previous to November 6, 1911, while the witness was crossing the school grounds upon which the Emerson school building is situated, that he met the plaintiff herein, that the plaintiff stated to him that the board was going to make an improvement upon the building that was wholly unnecessary, and that there was graft in the contract which they let, and that he named to this witness the members of the

board that were interested in the graft, and that the defendant would prevent the improvement and the carrying out of the contract by injunction if necessary. To which tender and offer of testimony the plaintiff objects, for the reason that it is incompetent, irrelevant, and immaterial, not tending to prove or disprove any issue in this case. Objection is by the court sustained, to which ruling defendant excepts, and exception is allowed."

Another witness being called, testimony substantially of the same character was offered, and, on objection by plaintiff, excluded. Whereupon defendant made tender as follows:

"The defendant here tenders and offers to prove by the witness White that on the occasion referred to Mr. Gossett stated to him that the contemplated improvement was wholly unnecessary, and that there was graft on the part of certain members of the board in the letting of the contract, and that he would prevent the execution of the contract by injunction if necessary. To which tender and offer of testimony the plaintiff objects, for the reason that it is incompetent, irrelevant, and immaterial, not tending to prove or disprove any issue in this case. Objection is by the court sustained, to which ruling defendant excepts and exception is allowed."

A similar offer of testimony by another witness was excluded, with record of tender as follows:

"The defendant here tenders and offers to prove by the witness Dunlap that on the 6th day of November, 1911, he made the motion at the meeting of the defendant board for the discharge of the plaintiff herein, and that his reasons for so doing were that the witness heard previous to the making of the motion that the plaintiff had said certain members of the board were grafters, and in particular were grafting in regard to a contract for certain proposed improvements on the Emerson school building; that he had heard the plaintiff say at a regularly

called meeting of the school board, and to the school board, that they must not make this improvement, and that, if there was any law to prevent it, he would do so; that a short time previous to that the witness, while acting in his capacity as a member of the school board, visited the Lincoln school building together with Mr. Sunderland; that Mr. Sunderland was a government architect; that the purpose of their visit was to ascertain if some improvement could not be made in the heating of said building; that Mr. Gossett was present, and continuously interrupted and interfered with the witness and Mr. Sunderland, [and] made himself obnoxious by such continual interference with objections concerning the matter for which the witness had Mr. Sunderland there. To which tender and offer of testimony plaintiff objects, for reason that it is incompetent, irrelevant, and immaterial, hearsay, does not tend to prove or disprove any issue in this case. Objection is by the court sustained, to which ruling defendant excepts, and exception is allowed."

From the foregoing it is seen that the entire defense of the defendant was excluded.

The court then directed a verdict in favor of plaintiff for the amount claimed, and judgment was rendered thereon. Motion for new trial being overruled and necessary exceptions saved, the case was lodged in this court on appeal.

The only question presented is whether the conduct of the plaintiff as detailed in the tendered and excluded testimony was sufficient in law to justify and authorize the board in dismissing him from service. Counsel for plaintiff contends that:

"In order to justify a discharge on grounds of insubordination, it must appear that the acts relied upon related to the employment and duties of the servant, and acts outside of such duties, and which did not interfere

with a proper discharge of the same, cannot be used as a pretext for the discharge of a servant, especially when it is admitted that the duties were properly performed, and no complaint is made as to the work done by the servant under the contract of employment."

We cannot agree with counsel here in the contention that the case involved only a question of insubordination. The question of misconduct inconsistent with the relation of master and servant is also involved, and, to our mind, is the controlling question. In Cyc. vol. 26, p. 900, we find the rule, which fully coincides with our views of the law, and which we think is fully sustained by authority, that "any misconduct inconsistent with the relation of master and servant will justify the master in terminating the contract of service at any time." This rule is especially and peculiarly applicable in cases of employment by such bodies as school boards. Such charges of dishonesty and corruption as those made by plaintiff, or evidence of which was tendered, against members of the board, would certainly bring about such relations between the members, and especially the accused members, as to seriously affect the relations between the janitor and his employers, to such an extent as to operate against the best interests of the school. No member so accused would feel free to consult with such an employee or advise or direct him in the performance of his duties. In volume 20, Am. & Eng. Enc. L. at page 27, the text is as follows:

"The servant owes to the master respectful and decorous treatment. Unprovoked insolence and disrespect for him or his representative will usually justify the servant's discharge."

The case of *Darden v. Nolan,* 4 La. Ann. 374, was an action by a discharged employee to recover wages claimed

after his dismissal; in fact, a case very similar to the one at bar, wherein the plaintiff recovered judgment in the trial court, and on appeal the Supreme Court in the body of the opinion says:

"We are unable to concur with the jury, and are constrained to reverse their verdict. The evidence shows that the plaintiff used the most grossly abusive and insulting language to the defendant, accompanied with a threatening manner, which was not provoked by the latter, as far as appears from the record. After the violent altercation which occurred between the parties, in which they indulged in mutual recriminations, it was impossible that the relations of employer and overseer could longer continue, and we find nothing in the evidence to authorize the conclusion that this result was produced by the fault of the defendant. We think that the defendant was fully justified in discharging the plaintiff."

In the case of *Forthyse v. McKinney,* decided by the Supreme Court of New York in 1900, and reported in 56 Hun, 1, 8 N. Y. Supp. 561, in one paragraph of the headnotes on page 2 it is said:

"It is never the duty of an employer to retain an employee who acts insolently to one who represents the employer; that insolent conduct towards an employer, or towards one who represents him, is a breach of the duty owing by the employee; certainly where no provocation has been given therefor."

In *Brink v. Fay,* 7 Daly (N. Y.) 562, will be found this rule:

"If the servant recklessly, and with a disregard of consequences to his master, does what is likely to work substantial injury to his master, the latter may discharge him and terminate the hiring."

In cases like the one here the first thing to be considered is the public—the good of the public service. Where

the relations between the employer and the employee are such that the public service is liable to suffer or become neglected thereby, and especially where such relations are brought about by the misconduct and insolence of the employee without any fault of the employer, it is the duty of the employer to discharge the employee at once.. It follows that the court committed prejudicial error in excluding evidence of the defendant tending to show the language and conduct of the plaintiff in which he accused the board, or any member thereof, of dishonesty and corruption in connection with their duties as members of the board.

The judgment should be reversed and remanded for new trial in accordance with the views herein expressed.

By the Court: It is so ordered.